IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNION DE TRABAJADORES DEL MUELLE
DE PONCE, PUERTO RICO, LOCAL 1903,
ILA, AFL-CIO,

Plaintiff,

v.

INTERNATIONAL PUBLIC TERMINAL, LLC,
d/b/a, IPT COMPANIA NAVIERA,

Defendant.

CIVIL NO. 26-1299 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On May 12, 2026, Unión de Trabajadores del Muelle de Ponce, Puerto Rico, Local 1903, ILA, AFL-CIO ("Plaintiff", or the "Union") initially filed this case before the Puerto Rico state court alleging the actions of Defendant International Public Terminal, LLC, d/b/a IPT Compañía Naviera ("Defendant" or "IPT") violated the applicable Collective Bargaining Agreement ("CBA") by assigning union labor to non-union workers. Plaintiff sought to enjoin IPT's actions and claimed damages therefrom. The state court scheduled an injunction hearing for May 19, 2026, but the day before the hearing, IPT filed a "Notice of Removal" before this Court, asserting this action was preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. [1] (Docket No. 1).

---

[1] "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185 (a).

Unión de Trabajadores del Muelle de Ponce, Puerto Rico, Local 1903, ILA, AFL-CIO v. International Public Terminal, LLC
Opinion and Order
Civil No. 26-1299 (CVR)
Page 2

Before the Court is the Union's "Motion to Remand" (Docket No. 8), IPT's Opposition thereto (Docket No. 10), the Union's Reply (Docket No. 11), and IPT's Sur-Reply (Docket No. 14). The Union also filed "Plaintiff's Emergency Notice of Pending State Court Injunction Hearing and Request that the Court Take Notice of Removal Timing" (the "Emergency Motion", Docket No. 7) and a "Motion for Attorney's Fees and Costs Pursuant to 29 U.S.C. § 1447 (c)" (Docket No. 9), which Defendant opposed (Docket No. 10).

For the reasons explained below, the Union's Motion to Remand, as well as its Motion for Attorney's Fees, are DENIED and its "Emergency Motion" is DENIED AS MOOT.

**STANDARD**

Removal statutes are strictly construed, and the party seeking to remove a case has the burden of proving that federal jurisdiction exists. Roselló-González v. Calderón-Serra, 398 F.3d 1, 10 (1st Cir. 2004); BIW Deceived v. Local S6, 132 F.3d 824, 831 (1st Cir. 1997).

Title 28 U.S.C. § 1441(a) states that "any civil action brought in a State court of which the district courts of the United State have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Id. The Supreme Court has interpreted the "original jurisdiction" requirement to "bar removal unless the state court action could have been filed in federal court in the first instance." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 33 (2002).

Normally, under the well-pleaded complaint rule, federal question jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim … unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." Franchise Tax Bd. of State of California v. Constr. Workers Vacation Tr., 463 U.S. 1, 10 (1983) (quoting Taylor v. Anderson, 234 U.S. 74, 75-76 (1914)). This is because a plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Rosselló-González, 398 F.3d at 11. Thus, defenses that are grounded in federal law, including preemption, are generally not sufficient grounds for removal. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Franchise Tax Bd. of State of California, 463 U.S. 1 at 12.

One exception to this long-standing principle is the "complete pre-emption doctrine" where sometimes "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into stating a federal claim for purposes of the well-pleaded complaint rule." Caterpillar, Inc., 482 U.S. at 393 (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987)). For example, in considering removal, courts have found removal to be proper where state law claims were completely preempted by certain provisions of the Employee Retirement Income Security Act ("ERISA") or as alleged by Defendant here, the LMRA. See, *e.g.*, Danca v. Private Health Care Sys., 185 F.3d 1, 5 (1st Cir. 1999) (removal was proper where claims were completely preempted by ERISA); Martin v. Shaw's Supermarkets, 105 F.3d 40, 41-42 (1st Cir. 1997) (removal based on LMRA's preemption of state law claims). If there is any doubt as to the propriety of removal, federal jurisdiction should be rejected and resolved in favor of remand. Autoridad de Energía Eléctrica de Puerto Rico v. Vitol Inc., Civil No. 09-02242

(SJM), 2016 WL 9443738, at *4 (D.P.R. Mar. 16, 2016), *aff'd sub nom*, Autoridad de Energía Eléctrica de Puerto Rico v. Vitol S.A., 859 F.3d 140 (1st Cir. 2017) (cleaned up).

## STATEMENT OF FACTS

The Court accepts Plaintiff's allegations as true for purposes of deciding the Motion to Remand. Pelegrina Med., Inc. v. Philips Med. Sys. Nederland, B.V., Civil No. 13-1107 (FAB), 2013 WL 12409305, at *1 (D.P.R. July 23, 2013); Rosselló-González, 398 F. 3d at 11. All facts are derived from the Complaint. (Docket No. 1, Exhibit 3).

The Union represents and defends the labor rights, working conditions, salaries and benefits of longshoremen and dockworkers at the Port of Ponce, Puerto Rico. The Union has exclusive jurisdiction over stowage, loading and unloading of ships in said port. The Puerto Rico Shipowners Association ("Asociación de Navieros de Puerto Rico") represents all shipowners ("navieros") in Puerto Rico, and the Council of Dock Workers Unions of Puerto Rico ("Consejo de Uniones de Trabajadores y Ramas Anexas de Puerto Rico") represents all union syndicates in Puerto Rico. These two parties signed the CBA to run from 2023 through 2032, which includes mechanized cargo operations. Defendant IPT is not a member of the Puerto Rico Shipowners Association but according to the Complaint, has contractually bound itself, by adherence and practice, to the existing CBA between the Shipowners Association and the Council of Dock Workers' Unions of Puerto Rico.

The Complaint avers that on May 11, 2026, IPT's head of operations, Carlos Fernández ("Mr. Fernández") ordered non-union personnel to perform mechanized cargo operations on heavy military vehicles on a ship at Docks 5 and 6 in the Port of Ponce, in violation of the CBA. Union President Efraín Vargas Carlo ("Mr. Vargas") questioned this

practice and Mr. Fernández threatened him with a lengthy and sharp object.  The next day, Mr. Fernández again assigned union labor to non-union personnel and threatened Mr. Vargas, saying he would remove him by force if necessary from the terminal with the assistance of the Puerto Rico Police.

Plaintiff then filed the present case in state court seeking to enjoin Defendant's actions, averring that IPT breached the fundamental principles set forth in the CBA and directly violated its terms.  It sought a preliminary injunction to prevent Defendant from continuing to hire non-union personnel to perform union tasks at the Port of Ponce, and to enjoin Mr. Fernández from harassing and threatening Mr. Vargas.  The Union also asked for compensation for its members for their lost wages for the time non-union members performed their tasks.

The state court set a hearing, and Defendant filed its Notice of Removal before this Court before the hearing could take place.  According to Defendant, the Union is a labor organization representing employees in an industry affecting commerce and as such, the Union is a labor organization as defined in 29 U.S.C. §152(5) of the LMRA.  Defendant, on the other hand, is an employer as defined in 29 U.S.C. §152(2) of the LMRA and IPT and the Union have adopted and are mutually obligated to a CBA, making the LMRA applicable to this case and removable to this Court.

## ANALYSIS

Plaintiff's contention is three-fold.  First, it argues that its Complaint pleads no federal question on its face and the case is therefore not removable under the well-pleaded complaint rule.  Second, it avers that, even assuming the LMRA applies, the Norris-LaGuardia Act, 29 U.S.C. § 104, divests the Court of jurisdiction because the Union seeks

injunctive relief, which is forbidden under the statute Act, and would make the removal to this Court self-defeating.  Finally, it argues that IPT is not a signatory to the CBA, creating a threshold, factual issue that goes against removal.

### A. Federal question.

The Union's first argument is that its Complaint is grounded solely in Puerto Rico law, as it seeks injunctive relief for the actions complained of and does not invoke the LMRA or seek redress under any other federal statute.  Citing to Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987), it avers that Section 301 of the LMRA does not preempt state-law claims that are not "founded directly" on rights created by a collective-bargaining agreement or "substantially dependent" on its analysis. (Docket No. 8, p. 3). Its claim in this case, that IPT employed non-union workers to perform work contractually reserved for union members, and that IPT's supervisor threatened the Union president, "can be resolved without interpreting any CBA provision" and "can be established through direct factual inquiry without resort to CBA interpretation", so removal was improper and the case must be remanded to the state court. (Docket No, 8, p. 4).

Defendant's position is that, even if there is no pleaded federal claim on the Complaint, the present cause of action is preempted by federal law.  Defendant agrees with Plaintiff that under Caterpillar, Inc. state-law claims that are "founded directly" on the CBA's  rights or "substantially dependent" on that analysis are preempted, and argue that is precisely the case here.   Caterpillar, Inc., 482 U.S. at 394.   It proffers that the Union's Complaint "arises under" Section 301 of the LMRA even if it was for injunctive relief and is preempted because its main allegation is that IPT is assigning protected union

work to non-union employees.  Thus, this case involves a contractual dispute over work bargaining-unit rights, scope of work and jurisdiction, which in turn is governed by the CBA that the Court must necessarily examine to determine whether Defendant acted in contravention of its terms.  Thus, Defendant contends that, because "the pre-emptive force of Section 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization,' " federal law preempts this case, removal was proper, and the Court has jurisdiction over the claims presented.  Franchise Tax Bd. of State of Cal., 463 U.S. at 23.  After a careful review, the Court agrees with Defendant.

To decide whether Defendant illegally incurred in conduct that is covered by the CBA, the Court must examine and interpret the terms of the CBA.  The Court cannot decide in a vacuum without considering the terms of the CBA itself, whether the alleged violations are true.  In fact, the CBA itself is not even before the Court because Defendant only provided some of the relevant sections that pertain to conflict resolution.  The very essence of the Union's case is *precisely* that Defendant violated the terms of the CBA *because* the work assigned to non-union members is governed by the CBA.  Hence, without having the benefit of all the terms and conditions of the CBA, it is difficult to fathom how the Union can argue that the Court does not have to delve into its terms when it asks the Court to determine that Defendant's actions are in breach of those terms.[2]  See FinSight I, LP v. Seaver, 50 F.4th 226, 233 (1st Cir. 2022) ("We must look to the text of the contract to determine what obligations it places on the parties.").

---

[2] In the Union's Motion to Remand it just so admits when it states that ". . . IPT's head of operations, Carlos Fernández directed non-union personnel to perform mechanized loading of heavy military vehicles at Docks 5 and 6 in the Port of Ponce. *This work falls exclusively within the Union's jurisdiction under the CBA*."  (Docket No. 8, p. 2) (emphasis added). This makes Plaintiff's reliance on Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399 (1988) misplaced.

In sum, the Court must interpret the terms of the CBA between the parties to determine whether any violation has occurred.  Consequently, the Court finds the present case "arises under" federal law and is preempted by Section 301 of the LMRA.  See Jackson v. Liquid Carbonic Corp., 863 F.2d 111, 114 (1st Cir. 1988) ( § 301 pre-empts state law when resolution of the state-law claim requires the interpretation of a collective-bargaining agreement); see also Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220, (1985) (holding that a plaintiff may not evade the pre-emptive force of § 301 of the LMRA by casting the suit as a state-law claim); Electrical Workers v. Hechler, 481 U.S. 851, 859, n. 3 (1987) (same).  On these facts, the Union is hard-pressed to argue that the rights allegedly violated in this case are not "founded directly on rights created by" the existing CBA.

Plaintiff's Reply asserts an alternate argument, to wit, that because the Complaint pleads two purportedly independent claims and one is allegedly not preempted (the tort against Mr. Vargas), jurisdiction is defeated.  This argument is meritless.

Complete preemption under section 301 of the LMRA is grounded on whether at least one claim is completely preempted, as in the case at bar.  See Franchise Tax Bd. of State of Cal., 463 U.S. at 24 ("[I]f a federal cause of action completely pre-empts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law") (cleaned up); Caterpillar, Inc., 482 U.S. at 393 (preemption converts an ordinary state common-law complaint into stating a federal claim for purposes of the well-pleaded complaint rule); Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 558 (1968) (if a federal cause of action completely preempts a state cause of action, any  complaint that comes within

the scope of the federal cause of action necessarily "arises under" federal law); Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 7 (2003) ("[W]hen a federal statute wholly displaces the state law cause of action through complete pre-emption," the state claim can be removed).

The presence of a non-preempted claim does not defeat federal jurisdiction because if the second claim arises from the same common nucleus of operative facts, as is the case here, the Court may entertain it by virtue of its supplemental jurisdiction. See 28 U.S.C. § 1367(a); United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). Therefore, Plaintiff's first contention is unavailing.

## B. The Norris-LaGuardia Act.

Plaintiff's second assertion is that the Norris-LaGuardia Act divests this Court of jurisdiction to grant the relief sought. This is so because the Union's Complaint before the state court sought injunctive relief in a labor dispute, and the Act explicitly provides that "[n]o court of the United States shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute" to prohibit persons participating in such dispute from engaging in the conduct at issue. 29 U.S.C. § 104. Thus, Plaintiff asserts this makes the removal self-defeating because the Court cannot grant them the relief it seeks.

The Supreme Court grappled with this issue and held otherwise in Avco Corp. 390 U.S. at 561, where it allowed removal of a state court action though an injunction had been previously sought before the state court. The Supreme Court found that a suit to enjoin conduct allegedly violating a no-strike clause in a CBA was removable from state to federal court because it arose under Section 301. In so doing, it held that "the nature of the relief

available after jurisdiction attaches is, of course, different from the question whether there is jurisdiction to adjudicate the controversy." Id. Thus, the fact that the Court may not entertain an injunction does not deprive it of jurisdiction over the case, more so when the main cause of action, an alleged breach of the CBA, is clearly preempted. [3] This is especially important considering that federal courts have "a virtually unflagging obligation" to exercise federal question jurisdiction unless exceptional circumstances are present." Colorado River Water Dist. v. United States, 424 U.S. 800, 818-820 (1976); Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 19 (1983).

The Court already found that the main issue in this case derives directly from the CBA and arises under the LMRA. Thus, the Court would be remiss in remanding the case to state court. Thus, this argument is also without merit.

## C.  IPT is not a direct signatory to the CBA.

Plaintiff's last contention in support of remand is that Defendant's Notice of Removal acknowledges that it is not a member of the Puerto Rico Shipowners Association and instead, is bound by the CBA only "by adherence and practice." It proffers that Section 301's preemption assumes the existence of a binding collective bargaining agreement between the parties, that this is a material threshold issue that cannot be resolved at this stage because it requires factual development and consequently weighs in favor of remand.

Plaintiff forgets that it was itself, not Defendant, that alleged in its own Complaint that the parties herein were bound by the CBA. (Docket No. 1, Exhibit 3, ¶ 4). Specifically,

---

[3] See also Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 376 F.2d 337, 340 (6th Cir. 1967) (where the 6th Circuit found that "state law does not exist as an independent source of private rights to enforce collective bargaining contracts").

Unión de Trabajadores del Muelle de Ponce, Puerto Rico, Local 1903, ILA, AFL-CIO v. International Public Terminal, LLC
Opinion and Order
Civil No. 26-1299 (CVR)
Page 11

it claimed that, although Defendant is not a part of the Shipowners Association, "by adherence and practice" it gave contractual recognition to the CBA and was thus bound by it.   (Id., at ¶ 4).  In another paragraph, Plaintiff stated that Defendant was an entity comprised of members "that adhered to" the CBA, and its actions in this case were a violation of the fundamental principles of the CBA and of the contractual obligations it assumed.  (Id., at ¶ ¶ 5, 17).

Since Plaintiff itself admitted that it is the master of its Complaint (Docket No. 8, p. 3), it cannot now argue that its literal words were not really what it meant to say. Additionally, as candidly stated by Defendant, if it was not bound by the CBA, it would have no obligation to assign union work to union members and this case would be moot.

For now, the Court accepts Plaintiff's own words as true that Defendant was bound by the terms of the CBA.   Whether in the end that turns out to be true and sufficient to support Plaintiff's claims is an issue left for another day.[4]

## D. Costs and attorney's fees.

Finally, Plaintiff argues costs and attorney's fees are normally awarded when the removing party lacks an objectively reasonable basis in law for removal.   Plaintiff posits Defendant in the present case lacked adequate grounds for removal and filed its Notice of Removal the day before the state court had scheduled the injunction hearing, which Plaintiff avers is precisely the type of improper conduct that warrants an award of fees.

Since the Court has already ruled that the removal was proper, the request for costs

---

[4] The Court notes that apparently neither party was a signatory to the CBA, as the Complaint indicated that it was signed between the Puerto Rico Shipowners Association and the Council of Dock Workers Unions of Puerto Rico. (Docket No. 1, Exhibit 3, ¶ 4.)  Thus, the Court cannot ascertain, by the allegations alone, whether the case was brought by and against the proper parties.  The relevancy and/or applicability that this issue may have on the ultimate resolution of this case remains to be seen, which in any event, is a matter that has not yet been briefed by either party.

and attorney's fees is DENIED.

### E. The Emergency Motion.

Plaintiff's "Emergency Motion" asks the Court to take notice of the timing of Defendant's Motion to Remand, implying it was improper because it was filed on the eve of the injunction hearing which, in effect, deprived the state court of jurisdiction over this this case. (Docket No. 7). It further stated that together with that motion, it was filing the "Motion to Remand" and requested the Court attend to it on an expeditated basis.

In view of the above, the "Emergency Motion" is DENIED AS MOOT.

### CONCLUSION

For the foregoing reasons, the Union's "Motion to Remand" (Docket No. 8) and its "Motion for Attorney Fees" (Docket No. 9) are both DENIED; and its "Emergency Motion" is DENIED AS MOOT. (Docket No. 7). [5]

**Defendant is granted until July 9, 2026 to answer the Complaint or otherwise plead.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 11th day of June 2026.

> S/CAMILLE L. VELEZ-RIVE
> CAMILLE L. VELEZ RIVE
> UNITED STATES DISTRICT JUDGE

---

[5] Defendant removed this case to this Court and included exhibits in the Spanish language. (Docket No. 1). Together therewith, it asked the Court for an extension of time to file the required translations. (Docket No. 2). The Court granted Defendant until June 18, 2026 to file the translations (Docket No. 5). The Court is cognizant that the translations are still pending but issued this Opinion and Order before the translations were filed due to Plaintiff's request for a speedy resolution of its Motion to Remand.